IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Antwone Rodgers | : | CIVIL ACTION |
| v. | : | |
| Abington Township and John Doe Police Officers 1-10 | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| July 31, 2025 | Jeffrey B. Solomon | Antwone Rodgers |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-561-0877 | 215-561-3557 | jsolomon@dionsolomon.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02



10/2024

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: Abington Senior High School 900 Highland Avenue, Abington, PA 19001

---

***RELATED CASE IF ANY:*** Case Number: _____ Judge: _____

1. Does this case involve property included in an earlier numbered suit? ☐ Yes

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? ☐ Yes

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? ☐ Yes

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? ☐ Yes

5. Is this case related to an earlier numbered suit even though none of the above categories apply? ☐ Yes
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☒ **is not** related to any pending or previously terminated action in this court.

---

## Civil Litigation Categories

**A. *Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*: _____

**B. *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☒ 6. Other Personal Injury *(Please specify)*: _____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)* _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

## ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTWONE RODGERS** | **JURY TRIAL DEMANDED** |
| 1460 Sandys Lane | |
| North Wales, PA 19454 | **CIVIL ACTION** |
| Plaintiff, | |
| v. | |
| **ABINGTON TOWNSHIP** | No. _____ |
| 1176 Old York Road | |
| Abington, PA 19001 | |
| and | |
| **JOHN DOE POLICE OFFICERS 1–10** | |
| 1166 Old York Road | |
| Abington, PA 19001 | |
| Defendants. | |

## CIVIL COMPLAINT

### I. INTRODUCTION

1. This is a civil rights and negligence action arising under the Constitution and laws of the United States and the Commonwealth of Pennsylvania. Plaintiff Antwone Rodgers, while coaching at Abington Senior High School in the course of his employment, was struck by a live bullet discharged from a nearby police gun range operated by the Abington Township Police Department. Plaintiff suffered physical injuries and emotional trauma as a result of the Defendants' reckless and unconstitutional conduct.

### II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) for claims arising under 42 U.S.C. § 1983, and supplemental jurisdiction under 28 U.S.C. § 1367 for state law claims.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Montgomery County, Pennsylvania, within the Eastern District of Pennsylvania.

## III.  PARTIES

4.  Plaintiff Antwone Rodgers is an adult individual residing at 1460 Sandys Lane, North Wales, PA 19454-2210. At all relevant times, Plaintiff was employed as an assistant football coach at Abington Senior High School.

5.  Defendant Abington Township is a municipal corporation responsible for the operation and supervision of its police department and its gun range at 2200 Florey Lane, Abington, PA 19001.

6.  Defendants John Doe Police Officers 1–10 are currently unidentified members of the Abington Township Police Department who were responsible for the negligent discharge of a firearm from the gun range on August 7, 2023, and/or for the supervision and safety protocols at the range.

## IV.  OPERATIVE FACTS

7.  On August 7, 2023, at approximately 10:30 a.m., Plaintiff was coaching football practice on the field hockey field at Abington Senior High School, located at 900 Highland Ave, Abington, PA 19001.

8.  The school's athletic field is located in close proximity to the Abington Township Police Department's gun range at 2200 Florey Lane.

9.  During practice, Plaintiff and the football team heard active gunfire from the police range.

10. Suddenly and without warning, Plaintiff felt an intense burning and pain in his right wrist and forearm. He looked down and observed a bullet on the ground in front of him.

11. Plaintiff picked up the bullet, which was still hot to the touch, and immediately reported the incident to the head football coach, Terence Tolbert, who cleared the field and contacted the Abington Police Department.

12. Officers from the Abington Police Department arrived shortly thereafter, along with the athletic director and a member of the police shooting team.

13. Responding officers took photographs of the bullet and of Plaintiff's wrist, and collected the bullet as evidence.

14. A responding officer verbally confirmed that the bullet was from the police shooting range, which had been active at the time of the incident.

15. Plaintiff was evaluated that same day at Tower Health Urgent Care and later returned for follow-up on August 14, 2023, due to ongoing pain, swelling, and contusion of his right wrist and forearm.

16. On August 25, 2023, Plaintiff was triggered by another gun-related incident at a football game and was seen in the emergency room at Holy Redeemer. Plaintiff has been diagnosed with post-traumatic stress disorder and continues to suffer from its effects.

17. As a result of the shooting incident, Plaintiff has suffered significant physical, emotional, and psychological injuries. Among Plaintiff's diagnosed physical injuries is entrapment of the superficial branch of the radial nerve, an injury for which surgical intervention has been recommended.

## COUNT I – VIOLATION OF 42 U.S.C. § 1983
### (State-Created Danger – Against All Defendants)

18. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

19. At all relevant times, Defendants John Doe Police Officers 1–10 were acting under color of state law.

20. Defendants' actions created or increased the danger to Plaintiff, who was a foreseeable and specific victim.

21. By operating the gun range in close proximity to a public school without adequate safety measures, and discharging a live round that struck Plaintiff, Defendants affirmatively created a danger that did not previously exist.

22. Defendants acted with deliberate indifference to the known or obvious consequences of their conduct, which shocks the conscience.

23. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the physical and emotional injuries described above.

24. Defendants are liable to Plaintiff for violation of his Fourteenth Amendment right to bodily integrity and personal security.

## COUNT II – VIOLATION OF 42 U.S.C. § 1983
(Municipal Liability under Monell – Against Defendant Abington Township)

25. Plaintiff incorporates by reference all preceding paragraphs.

26. Defendant Abington Township, as a municipal entity, is liable under 42 U.S.C. § 1983 because the constitutional violation suffered by Plaintiff resulted from the Township's official policies, customs, and practices.

27. Specifically, the Township maintained and operated a police firearm training range in close proximity to a public high school without adequate safety protocols, policies, or supervision to prevent injuries to persons in surrounding areas.

28. The Township's failure to properly train, supervise, and discipline its officers regarding the safe operation of the gun range, and its failure to implement or enforce appropriate safety measures, constitute deliberate indifference to the constitutional rights and safety of Plaintiff and others similarly situated.

29. Defendant maintained policies, customs, and practices that proximately caused the injuries to Plaintiff, including:

    a. Failing to implement proper safety protocols at the Abington Township Police Department gun range, despite its known proximity to a public high school;

    b. Failing to adequately train and supervise officers in range operations to prevent live rounds from exiting the premises;

    c. Failing to provide clear and appropriate directives regarding community safety and firearm discharge in populated or adjacent areas;

    d. Failing to adopt or enforce basic engineering controls (e.g., containment walls, ballistic barriers) to prevent escape of live ammunition;

    e. Failing to conduct thorough investigations of prior firearm safety violations or near-miss incidents involving the gun range;

    f. Exhibiting deliberate indifference to the safety of foreseeable victims, including Plaintiff, by continuing to operate the range under dangerous conditions; and

    g. Otherwise acting without due regard for the constitutional rights and physical safety of nearby residents, school personnel, and students.

30. The Township knew or should have known that its policies, customs, or practices created an unreasonable risk of harm, yet it failed to take necessary corrective actions.

31. Plaintiff further alleges that the Township had knowledge of previous similar incidents or complaints regarding the unsafe operation of the gun range, and despite such knowledge, failed to take adequate remedial measures, thereby establishing a pattern or custom of unconstitutional conduct.

32. As a direct and proximate result of these municipal failures, Plaintiff's constitutional rights were violated, and Plaintiff suffered injury and damages.

### COUNT III – VIOLATION OF 42 U.S.C. § 1983
### (Failure to Train and Supervise – Against Defendant Abington Township)

33. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

34. Defendant failed to properly train and supervise its officers regarding the safe operation of firearms and use of the police gun range located near a public school.

35. This failure created an obvious and substantial risk of harm to third parties in the surrounding community, including Plaintiff.

36. Defendant acted with deliberate indifference in failing to implement basic safeguards or ensure safe procedures.

37. Plaintiff's constitutional injuries were the direct result of this failure to train and supervise.

### COUNT IV – NEGLIGENCE
### (Against Defendant Abington Township)

38. Plaintiff incorporates by reference all preceding paragraphs.

39. At all relevant times, Defendant Abington Township owned, operated, maintained, and controlled the police gun range located at 2200 Florey Lane, Abington, PA.

40. Defendant owed a duty to operate and supervise its firearm training activities in a manner that ensured the safety of surrounding areas, including Abington Senior High School and its athletic fields.

41. Defendant breached that duty by negligently designing, constructing, and maintaining the police gun range in a way that permitted live ammunition to escape the premises, including by:

      a. Failing to install or maintain adequate ballistic containment barriers or berms;

      b. Failing to inspect or assess the gun range's proximity to surrounding public areas, including the school;

      c. Failing to correct known deficiencies or dangerous conditions in the range's physical layout;

      d. Continuing to operate the gun range in an unsafe physical condition despite knowledge of the risks to nearby individuals.

42. The dangerous condition of the gun range, as real property under the Township's control, directly caused a live round to exit the range and strike Plaintiff on the adjacent school athletic field.

43. Plaintiff's injuries were caused by the Township's negligent care, custody, and control of real property, such that immunity is waived under the real property exception to the Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8542(b)(3).

44. As a direct and proximate result of Defendant's negligence, Plaintiff suffered the injuries and damages described herein.

### COUNT V – NEGLIGENT SUPERVISION / FAILURE TO TRAIN
### (Against Defendant Abington Township)

45. Plaintiff incorporates by reference all preceding paragraphs.

46. Defendant Abington Township failed to adequately train and supervise its officers in the safe use of firearms and operation of the police gun range near a public school.

47. This failure resulted in the unlawful discharge of a firearm into a school field and the injury of Plaintiff.

48. Defendant knew or should have known that failure to implement proper safety protocols would likely result in injury to third parties, such as Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants; award compensatory damages for physical and emotional injuries in an amount in excess of $150,000; award punitive damages against the individual John Doe Defendants; award reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**DION, SOLOMON & SHAPIRO, LLC**

BY: /s/ Jeffrey B. Solomon
**Jeffrey B. Solomon, Esquire**
Attorney I.D. No. 34937
Dion, Solomon & Shapiro, LLC
1801 Market Street, Suite 606
Philadelphia, PA 19103
Phone: (215) 561-0877
Email: jsolomon@dionsolomon.com

/s/ Kevin P. Proud
**Kevin P. Proud, Esquire**
Attorney I.D. No. 327033
Dion, Solomon & Shapiro, LLC
1801 Market Street, Suite 606
Philadelphia, PA 19103
Phone: (215) 561-0877
Email: kproud@dionsolomon.com

*Attorneys for Plaintiff, Antwone Rodgers*

## VERIFICATION

The undersigned, having read the attached pleading, hereby verifies that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of the lawsuit. The language of the pleading is that of counsel and not of signer. Signer verifies that he/she has read the within pleading and that it is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the pleading and that of counsel, verifier has relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Signed by:
6305B3FA33A24FC...

Antwone Rodgers